UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HEATHER AILEEN GAWLICK AND ROY DAVID GAWLICK, | CASE NO. C26-5150 BHS |
| Plaintiffs, | ORDER |
| v. | |
| PATRICK NELSON BECK, | |
| Defendant. | |

THIS MATTER is before the Court on pro se defendant Patrick Beck's "motion for removal" of a Cowlitz County Superior Court case apparently commenced against him by pro se plaintiffs Heather and Roy Gawlick, Dkt. 1, and on his identical motion for a Temporary Restraining Order, Dkt. 2.

The purported removal is improper for a number of reasons. First, Beck has not paid the filing fee or applied to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915. Nor has he attached or even described the underlying complaint, or what it asserts. He seems to suggest that it was filed in 2019, Dkt. 1 at 1, which would make his 2026 removal facially and fatally untimely. *See* 28 U.S.C. §1446(b) (time for removal is 30 days).

ORDER - 1

Beck challenges the Superior Court's jurisdiction and suggests that its handling of the case violated his rights, but he does not allege a basis for removing the state case to this Court. See 28 U.S.C. § 1446(a). Beck also suggests that the state case has been concluded, and that this Court should re-open it due to fraud and for this court to consider a long list of other defenses to that state court case. Dkt. 1 at 2.

This Court does not have jurisdiction to review or reverse state court decisions. The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "[W]hen a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden *de facto* appeal." *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003); *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010).

Beck's motion for injunctive relief, included in his motion, Dkts. 1 and 2 at 25, similarly asks the Court to undo whatever the state court did. He has not established that he is likely to succeed on the merits of any claim based on the state court's errors, and he has not shown that he faces irreparable harm in the absence of injunctive relief. Nor has he shown that the public interest would be served by this court's intervention in what is an apparently concluded state court case.

Beck's motion for injunctive relief, Dkt. 2, is **DENIED**. His "motion for removal" is **DENIED** as improper and untimely. Because the Court does not have jurisdiction over

ORDER - 2

this matter, and because Beck has not paid the filing fee, applied to proceed *in forma pauperis*, and has failed to state a basis for removal or a plausible claim, this matter is **DISMISSED** without prejudice and without leave to amend.

The Clerk shall close the case.

**IT IS SO ORDERED**.

Dated this 19th day of February, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3